Colcock, J.
delivered the opinion of the Court.
The rule applies only to those cases where a discovery is sought. In eases where the party is in possession of evidence to
*126 prove his case, or sustain his defence, he has no claim upon the conscjeilce 0f j]jg adversary. And this, I think, has been the invariable, practice since the case of Dillon v. M’Cue, 2 Bay, 280, in which the Court say, that “ both parties in the summary jurisdiction of the Court have a right to avail themselves of all matters, botl) in law, and in equity: that is, as long as the common law rules of evidence will bear them out, they must be bound by them in the first place; and where they fail, the parties may resort to equitable principles to supply the defects of the common law. That when there is no evidence to be procured, the defendant has a right to call upon the plaintiff to answer touching any matter known only to the parties themselves ; and on refusal to answer, the matter is to be taken pro confesso." In the case of Brown v. Collins, Ib. 326, the same doctrinéis maintained, and as that was a plain case of debt, susceptible of other proof, the Court decided, that the defendant was not bound to answer. So in Addison v. White, 2 Mill, 369, it was held, that “ the plaintiff has a right to call on the defendant, provided, he cannot prove his case in any other legal way.” The presiding Judge then very properly refused to compel the plaintiffs to answer the interrogatories in the present instance. But we are of opinion that the motion should be granted; for no reason is assigned, and none appears, to shew why the evidence of the son of the defendant was rejected; and his testimony, if believed, proved that the note was given for a gambling debt.
Motion granted.